UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN BERNARD BRIDGES,

        Petitioner,

                                    CASE NO. 2:06-CV-13519
v.                                     HONORABLE NANCY G. EDMUNDS

HAROLD WHITE,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS

**I.    Introduction**

Petitioner Nathan Bernard Bridges, a state prisoner currently confined at the Cooper Street Correctional Facility[1] in Jackson, Michigan, has filed a petition for writ of habeas corpus (as amended) pursuant to 28 U.S.C. § 2254 challenging his parole revocation proceedings and the application of 1224 days of dead time to his sentence. For the reasons stated below, the Court dismisses the petition without prejudice for failure to exhaust state court remedies.

**II.    Background Facts**

Petitioner was convicted of kidnaping, breaking and entering an occupied dwelling, felonious assault, and three counts of possession of a firearm during the commission of a felony following a bench trial in the Wayne County Circuit Court. He was sentenced to concurrent terms of five to 15 years imprisonment on the kidnaping and breaking and entering convictions,

---

[1]At the time he instituted this action, Petitioner was confined at the Parnall Correctional Facility in Jackson, Michigan where Respondent is the warden.

1

a concurrent term of two to four years imprisonment on the felonious assault conviction, and to concurrent terms of two years imprisonment on the felony firearm convictions to be served consecutively to the other sentences in 1991. Petitioner was discharged from his sentences on the felonious assault conviction and one felony firearm conviction on October 1, 1996.

Petitioner was initially paroled on his remaining sentences in May, 1997. In November, 1997, he was charged with violating the conditions of his parole, participated in a diversionary program, and was continued on parole.

In August, 1998, Petitioner was charged with violating the conditions of his parole arising from an assaultive incident on a woman involving a shotgun. Petitioner failed to report and was on absconder status until he was arrested on a felonious assault charge on December 26, 2001. Petitioner was convicted of aggravated assault and sentenced to 162 days in jail (time served) in 2002. He was also charged with five parole violations. Following a parole revocation hearing on July 8, 2002, Petitioner was found guilty of absconding from parole and felonious/aggravated assault and his parole was revoked. Petitioner was subsequently denied parole in 2003, 2004, 2006 and in January, 2007. His maximum discharge date is April 24, 2009.

Petitioner states that he filed a mandamus action in the Ingham County Circuit Court raising the claims presented in this habeas action on April 14, 2006, which was denied on July 17, 2006. Petitioner admits that he did not appeal this decision in the state courts nor file an original mandamus action with the Michigan Court of Appeals. He does not indicate that he took any other steps to exhaust his claims administratively or in the state courts.

Petitioner dated his initial federal habeas petition on August 2, 2006. In that petition, he

appeared to raise claims challenging the denial of parole as well as his parole revocation and the application of dead time to his state sentence. Respondent filed an answer to the original petition on February 8, 2007 contending that the claims should be dismissed on exhaustion grounds and/or for lack of merit. On March 22, 2007, Petitioner submitted a reply and motion to amend his petition seeking to dismiss the parole denial claims and to solely challenge the revocation of his parole and the application of 1224 days of dead time to his sentence. The Court has granted Petitioner's motion to amend his petition and the matter is now ready for decision.

## III.  Discussion

A prisoner filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 must first exhaust all state remedies. *See* 28 U.S.C. § 2254(b), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A state prisoner who files a habeas petition under 28 U.S.C. § 2241 must also exhaust state remedies. *See Collins v. Million*, 121 Fed. Appx. 628, 2005 WL 221531, * 2 (6th Cir. 2005); *Reaves v. Hofbauer*, 433 F. Supp. 2d 833, 834 (E.D. Mich. 2006) (citing *Anderson v. Haskins*, 407 F.2d 399, 400-01 (6th Cir. 1969)). This holds true for habeas petitions challenging state parole revocation decisions. *See Brewer v. Dahlberg*, 942 F.2d 328, 337-339 (6th Cir. 1991); *Lee v. Trombley*, No. 02-72279, 2003 WL 1119913, *4 (E.D. Mich. Feb. 11, 2003). Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *See Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993). The exhaustion requirement is satisfied when the highest court in the state has been given "a full and fair opportunity" to rule on the petitioner's claims. *Rust*, 17 F.3d at 160. A

petitioner must present each ground to both appellate courts. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *See Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has not exhausted his state remedies. Petitioner still has available state court remedies to challenge his parole revocation proceedings and the application of dead time to his state sentence which must be exhausted before he seeks federal habeas review. The Administrative Procedures Act, Mich. Comp. L. § 24.201 *et seq.*, provides an inmate whose parole has been revoked with the right to seek judicial review of the Parole Board's decision with the Michigan circuit courts. *See Penn v. Department of Corrections*, 100 Mich. App. 532, 298 N.W.2d 756 (1980). Petitioner has not done so with respect to his claims challenging his parole revocation. Nor has he pursued his claims in the Michigan Court of Appeals or the Michigan Supreme Court. *See* Mich. Ct. R. 7.205, 7.302.[2]

Petitioner may also challenge the revocation decision by filing a complaint for writ of habeas corpus in the appropriate state circuit court. *See* Mich. Comp. L. § 600.4301 *et seq.*, Mich. Ct. R. 3.303; *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985); *see also Caley v. Hudson*, 759 F. Supp. 378, 380-81 (E.D. Mich. 1991). There is no time limitation regarding when such a complaint may be filed, so long as the prisoner will be in custody when the circuit court enters judgment. *See Triplett*, 142 Mich. App. at 778. Although the denial of such a writ is not appealable by right, the petition may be renewed by filing an original

---

[2]The APA requires that an appeal from an agency ruling be made within 60 days of the ruling. *See* Mich. Comp. L. § 24.304(1). It appears that Petitioner did not seek review of the Parole Board's revocation decision within 60 days of its ruling. This remedy may thus no longer be available to Petitioner.

complaint for writ of habeas corpus with the Michigan Court of Appeals. *Id.* Denial of such a complaint by the Michigan Court of Appeals is reviewable by the Michigan Supreme Court. *See* Mich. Ct. R. 7.301.

Petitioner has failed to demonstrate that he has exhausted available state court remedies prior to filing the present habeas petition. Absent the exhaustion of those remedies, his federal habeas petition is premature and must be dismissed.

**IV. Conclusion**

Based upon the foregoing analysis, this Court concludes that Petitioner has failed to exhaust state court remedies as to the claims contained his amended petition. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. The Court makes no determination as to the timeliness or the merits of Petitioner's habeas claims.

**IT IS SO ORDERED.**


s/Nancy G. Edmunds
**Nancy G. Edmunds**
**United States District Judge**

**Dated: October 12, 2007**

**I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 12, 2007, by electronic and/or ordinary mail.**

s/Carol A. Hemeyer
**Case Manager**

5